UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| ALAN HIDALGO-LOBO )<br>)<br>    **Plaintiff** )<br>)<br>v. )<br>) **COMPLAINT**<br>)<br>HOMEFIX CUSTOM REMODELING )<br>CORPORATION f/k/a HOMEFIX )<br>CORPORATION, )<br>)<br>    **Defendant** )<br>) | Civil No. 3:20-cv-00514 |

Plaintiff, Alan Hidalgo-Lobo ("Plaintiff"), through counsel, brings this action for violations of: (1) the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) and (2) the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. §§95.25.1 *et. seq.* against Defendant Homefix Custom Remodeling Corporation f/k/a Homefix Corporation ("Defendant").

## NATURE OF PLAINTIFF'S CLAIMS

1. Plaintiff brings his FLSA claims under 29 U.S.C. § 216(b) and seeks to recover unpaid minimum wages and statutory penalties during the three-year period preceding filing this Complaint. Plaintiff's FLSA claims result from Defendant's policy and practice of failing to pay Plaintiff the statutory minimum wage for all hours worked each workweek he was employed by Defendant.

2. Plaintiff brings his NCWHA claims pursuant to N.C. Gen. Stat. §§ 95-25.1 *et. seq.* and seeks to recover unpaid wages and statutory penalties during the two-year period preceding

filing this Complaint. Plaintiff's NCWHA claims result from Defendant's policy and practice of failing to pay Plaintiff all earned wages on his regularly scheduled paydays.

## THE PARTIES

3. Plaintiff is an adult individual who is a resident of Charlotte, North Carolina.

4. CPP is a Maryland business corporation registered and in good standing to conduct business in the State of North Carolina.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201 *et. seq.*

6. The claims for violations of the NCWHA are based on the statutory and or common law of the State of North Carolina. Supplemental jurisdiction exists under 28 U.S.C. § 1367 for the pendent state claims because they arise out of the same nucleus of operative facts as the FLSA claims – both claims arise out of Defendant's unlawful policies and practices related to Plaintiff's compensation and terms and condition of employment with Defendant.

7. This Court has personal jurisdiction because Defendant conducts business in Mecklenburg County, North Carolina, which is within this judicial district.

8. Venue is proper in this judicial district because Defendant has substantial business contacts in this district and because the unlawful acts alleged occurred in Mecklenburg County, North Carolina.

## COVERAGE ALLEGATIONS

9. Defendant is an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA 29 U.S.C. § 203(r).

11. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

12. Plaintiff was an employee of Defendant within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

13. At all times hereinafter mentioned, Plaintiff was an individual employee engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

14. At all times hereinafter mentioned, Defendant has been an employer within the meaning of Section 95-25.2(5) of the NCWHA, N.C. Gen. Stat. § 95-25.2(5).

15. At all times hereinafter mentioned, Plaintiff was an employee within the meaning of Section 95-25.2(4) of the NCWHA, N.C. Gen. Stat. § 95-25.2(4).

### PLAINTIFF'S FACTUAL ALLEGATIONS

16. Defendant is a residential remodeling business, servicing customers in North Carolina and other states. Defendant sells and performs remodeling services relating to windows, roofing, siding, doors, gutters and insulation.

17. Defendant employed Plaintiff in the position of "lead developer" from approximately July 2019 through January 2020.

18. Plaintiff's primary job duties involved physical labor, i.e. canvassing neighborhoods to generate leads for Defendant's sales staff. A "lead" is a commitment from a homeowner to meet with Defendant's sales personnel to discuss purchasing remodeling services.

19. Defendant unlawfully classified Plaintiff as an "independent contractor", even though Defendant supervised, maintained substantial control, and reserved the right to control him, the conditions of his work and the performance of his work.

20. Plaintiff performed work that was an integral part of Defendant's business, i.e. generating leads for Defendant's sales staff.

21. Plaintiff did not make any significant investment in relation to his work with Defendant. Defendant provided the training and equipment necessary to perform his job duties.

22. Plaintiff had little or no opportunity for profit or loss related to their work with Defendant. Defendant promised to pay Plaintiff a fixed dollar amount for each lead that resulted in a sales presentation by one of Defendant's sales personnel. Lead developers were not engaged in sales, nor did they have the authority to make sales or obtain orders or contracts for Defendant's remodeling services. Lead developers are required to inform homeowners that any questions relating to price and purchase of remodeling services will be explained by Defendant's sales personnel. A lead developer's sole job duty is to obtain leads for Defendant.

23. Plaintiff performed work that did not require special skill, judgment, or initiative. Defendant provided training to Plaintiff.

24. Plaintiff was economically dependent on Defendant. Defendant tracked Plaintiff's work through a centralized computer system called Tracker. When a lead developer speaks with a homeowner, Defendant records the information about the homeowner in Tracker. Once a sales

4

appointment occurs, Defendant updates Tracker with information about the sale or necessary follow-up.

25. Defendant required Plaintiff to report to a Homefix office to attend trainings or meetings each weekday prior to transporting Plaintiff to neighborhoods to canvass for leads. As part of the training, Defendant reviews hypothetical scenarios and provides coaching on how to schedule appointments for homeowners to meet with Defendant's sales personnel. Defendant provides written instructions and scripts for lead developers to use during their meetings with homeowners.

26. Defendant also trains lead developers to identify problems in a house, including windows and roofs, to target the initial conversation with homeowners.

27. Defendant requires lead developers to wear a uniform with the Homefix logo while canvassing neighborhoods.

28. Plaintiff did not perform job duties that would permit Defendant to lawfully classify him as exempt from the minimum wage requirements under the FLSA.

29. At all relevant times, Plaintiff was a nonexempt employee within the meaning of the FLSA and eligible for overtime compensation for all work performed in excess of 40 hours in a workweek.

30. Defendant employed Plaintiff during the FLSA's three-year statutory period preceding the filing of this complaint.

31. Plaintiff typically worked 4 to 5 days each week and at least 7 hours per day.

32. Defendant did not track and record the hours worked by Plaintiff as required by the FLSA.

33. Defendant did not pay Plaintiff the statutory minimum wage for all hours worked. During one or more workweeks, Defendant failed to pay Plaintiff any compensation, even though Plaintiff reported to work and canvassed neighborhoods for leads.

34. Defendant did not pay Plaintiff for all compensable leads he generated for Defendant.

35. Defendant failed to timely pay all of Plaintiff's earned wages in violation of the NCWHA.

**(Count I-Violation of FLSA – Minimum Wage)**

36. Plaintiff incorporates by reference paragraphs 1-35 of his Complaint.

37. Defendant violated the FLSA by failing to pay the statutory minimum wage for all hours worked by Plaintiff.

38. Defendant violated the FLSA by failing to comply with the timekeeping and recordkeeping provisions of the FLSA.

39. Defendant's violation of the FLSA was willful.

**(Count II-Violation of NCWHA)**

40. Plaintiff incorporates by reference paragraphs 1-39 of his Complaint.

41. Plaintiff's NCWHA claims arise from Defendant's policy and practice of failing to pay all of Plaintiff's earned wages in violation of N.C. Gen. Stat. §§ 95-25.6 and 95-25.7.

42. Defendant unlawfully failed to pay Plaintiff compensation for all compensable leads generated by Plaintiff.

43. Defendant's conduct was willful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands the following relief:

a) An Order under Section 16(b) of the FLSA finding Defendant liable for unpaid minimum wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

b) An Order under N.C. Gen. Stat. § 95-25.6 and 7 finding Defendant liable for timely pay all wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

c) An Order awarding the costs of this action;

d) An Order awarding reasonable attorneys' fees;

e) A Declaration and finding by the Court that Defendant willfully violated provisions of the FLSA by failing to comply with the overtime requirements of the FLSA;

f) A Declaration and finding by the Court that Defendant willfully violated provisions of the NCWHA by failing to comply with the overtime requirements of the NCWHA;

g) An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

h) An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,


/s/ Jason S. Chestnut
Philip J. Gibbons, Jr., NCSB #50276
Craig L. Leis, NCSB #48582
Jason Chestnut NCSB #52066

GIBBONS LEIS, PLLC
14045 Ballantyne Corporate Place, Ste 325
Charlotte, North Carolina 28277
Telephone:    (704) 612-0038

E-Mail:   phil@gibbonsleis.com
          craig@gibbonsleis.com
          jason@gibbonsleis.com